MARCUS LEROY COLEMAN v. SAMUEL H. BURRIS and SAM HATTEN.

(Filed 28 September, 1966.)

Appeal by plaintiff from *Anglin, J.*, 14 February 1966 Civil Session of Gaston.

Civil action to recover damages for personal injuries and for damage to an automobile allegedly caused by the actionable negligence of defendants.

Defendants filed a joint answer in which they aver that they were not negligent, and as a further defense conditionally plead contributory negligence by plaintiff as a bar to any recovery by him.

The plaintiff offered evidence. At the conclusion of the plaintiff's evidence, plaintiff in open court took a judgment of voluntary nonsuit as to the defendant Samuel L. Burris. The defendant Hatten offered no evidence. The jury found as its verdict that the plaintiff was injured and his property damaged by the negligence of defendant Hatten as alleged in the complaint, and that the plaintiff by his own negligence contributed to his injury and damage as alleged in the answer.

From a judgment that plaintiff have and recover nothing from the defendant Hatten, plaintiff appeals to the Supreme Court.

*Frank P. Cooke and Childers and Fowler by Henry L. Fowler, Jr., for plaintiff appellant.*

*Hollowell & Stott by L. B. Hollowell, Jr., for defendant appellees.*

Per Curiam. This case was first tried at the May 1965 Civil Session of Gaston, and at the close of plaintiff's evidence the court, on motion of defendants, entered a judgment of compulsory nonsuit. On appeal we reversed the judgment of compulsory nonsuit, 265 N.C. 404, 144 S.E. 2d 241. Reference is hereby made to that decision for a detailed statement of plaintiff's evidence.

The jury, under application of well-settled principles of law, found by its verdict that plaintiff was injured and his automobile damaged by the negligence of defendant Hatten as alleged in the complaint, and that the plaintiff by his own negligence contributed to his injury and damage as alleged in the answer. A careful examination of plaintiff's assignments of error discloses no new question or feature requiring extended discussion. Neither reversible nor prejudicial error has been made to appear. All plaintiff's assignments of error are overruled, and the verdict and judgment will be upheld.

No error.